

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2007

# Govt of VI v. Hodge

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1036

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Govt of VI v. Hodge" (2007). *2007 Decisions.* Paper 1790.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1790

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 06-1036

_____

GOVERNMENT OF THE VIRGIN ISLANDS

v.

WILLIAM HODGE, JR.
Appellant

_____

On Appeal From the District Court of the
Virgin Islands, Division of St. Croix
(D.C. Crim. Action No. 04-cr-00096-2)
District Judge:  Hon. Raymond L. Finch, Chief Judge

_____

Argued December 4, 2006

BEFORE:  McKEE, BARRY and STAPLETON,
Circuit Judges

(Filed:  January 10, 2007)

_____

Darwin K. Carr (Argued)
P.O. Box 1723
Christiansted, St. Croix
USVI  00821
  Attorney for Appellant

Anthony J. Jenkins
United States Attorney
Denise A. Hinds-Roach
Assistant United States Attorney
Jason T. Cohen (Argued)
Office of the United States Attorney
1108 King Street, Suite 201
Christiansted, St. Croix
USVI  00820
  Attorneys for Appellee

_____

OPINION OF THE COURT

_____

STAPLETON, Circuit Judge:

Appellant William Hodge was convicted by a jury of possession of a controlled substance, cocaine base, in violation of 21 U.S.C. § 844(a).  On appeal, he challenges his conviction on two grounds.  He insists that (1) the District Court erred in admitting the controlled substance allegedly seized from him because the evidence regarding the chain of custody was insufficient, and (2) there was insufficient evidence to support a finding that he knowingly and intentionally possessed a controlled substance.  We will affirm.

I.

At trial, the arresting officer, Officer Parris, testified that he delivered the suspected narcotics to Sergeant Waugh, the Police Department's property clerk, and watched him seal them in a plastic bag and put his initials on the four corners.  ATF Agent Baker testified that he received the narcotics from Waugh and put them in a DEA

evidence bag that he heat sealed. He then sent the sealed bag to the DEA laboratory. A drug chemist from that laboratory testified that she received the sealed bag and tested its contents. After the contents tested positive for cocaine base, the chemist resealed the bag and signed the seal. She then testified that the bag introduced in evidence was the same bag she sealed in her lab.

Hodge complains that a critical link in the chain of custody was missing because Waugh did not testify, and that Officer Parris did not identify the bag introduced in evidence.

As we held in *United States v. Dent*, 149 F.3d 180, 188-89 (3d Cir. 1998) (citations omitted):

> To establish a chain of custody, the government need only show that it took reasonable precautions to preserve the evidence in its original condition, even if all possibilities of tampering are not excluded. Absent actual evidence of tampering, a trial court may presume regularity in public officials' handling of contraband. Unless the trial court clearly abused its discretion, we must uphold its decision to admit the cocaine base into evidence.

We find no abuse of discretion here.

## II.

Viewing the trial evidence in the light most favorable to the government, as we are required to do in this context, it showed that the narcotics were found in a car owned and being operated by Hodge, that they were located in a pocket to the driver's side door in plain view of any driver entering the vehicle, and that Hodge, upon realizing that he was being stopped by police, backed up in an effort to avoid contact with them. This evidence

3

provides ample support for the jury's finding that Hodge knowingly exercised dominion and control over the narcotics. *See United States v. Iafelice*, 978 F.2d 92, 97 (3d Cir. 1992).

III.

The judgment of the District Court will be affirmed.